AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| KAAVO Inc.  *Plaintiff*  v.  Amazon.com, Inc. and Amazon Web Services, Inc.  *Defendant* | Civil Action No. 14-cv-00353 (LPS) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Oracle Corporation, c/o Jen Chen, 500 Oracle Parkway M/S 5op7, Redwood Shores, CA 94065

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Orrick, Herrington, and Sutcliffe LLP  405 Howard Street, San Francisco CA, 94105  ATTN: Johanna Jacob | Date and Time:  02/25/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/27/2015

*CLERK OF COURT*

                                                         OR                           /s/ Johanna Jacob
_____                                           _____
*Signature of Clerk or Deputy Clerk*                                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Amazon.com, Inc. and Amazon Web Services, Inc. , who issues or requests this subpoena, are:
Johanna Jacob, Orrick, Herrington, and Sutcliffe LLP, 405 Howard Street, San Francisco, CA, 94105, jjacob@orrick.com (415) 773-5420

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:14-cv-00353-LPS-CJB   Document 47-1   Filed 01/27/15   Page 2 of 7 PageID #: 732

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-cv-00353 (LPS)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

Case 1:14-cv-00353-LPS-CJB   Document 47-1   Filed 01/27/15   Page 3 of 7 PageID #: 733

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**I. DEFINITIONS AND INSTRUCTIONS**

### Definitions

1. "You," and "Your" means Oracle Corporation including without limitation its subsidiaries, affiliates, divisions, related entities, predecessors, successors and any present or former officers, directors, trustees, employees, agents, representatives, or others acting on its behalf.

2. "Terraspring, Inc." means Terraspring, Inc. including without limitation its subsidiaries, affiliates, divisions, related entities, predecessors, successors and any present or former officers, directors, trustees, employees, agents, representatives, or others acting on its behalf.

3. "StorageTek" means Storage Technology Corporation, also known as StorageTek, including without limitation its subsidiaries, affiliates, divisions, related entities, predecessors, successors and any present or former officers, directors, trustees, employees, agents, representatives, or others acting on its behalf.

4. "Virtual server" means any virtual provisioning of computing resources.

5. "Terraspring" means the products, services, and/or systems originally offered by Terraspring, Inc. for managing computing resources, including virtual servers, and all related products, services, and/or systems.

6. "SnapVantage" means the products, services, and/or systems originally offered by StorageTek for managing computing resources, including virtual servers, and all related products, services, and/or systems.

7. "Any" shall be understood to include and encompass "all," and "each" shall be understood to include and encompass "every."

1

8. The singular shall always include the plural and the present tense shall also include the past tense.

9. "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

10. As used here, "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure (e.g. Rule 34(a)) and Rules of Evidence (e.g. Rule 1001). The term Document as used herein specifically includes, but is not limited to, the following types of exemplary Documents:

> Letters, tape recordings, reports, agreements, communications including intercompany communications, correspondence, telegrams, email, memoranda, summaries, forecasts, photographs, models, statistical statements, graphs, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes or records of meetings, including director's meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending minutes or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, surveys, computer printouts, computer disks, CD ROMs, DVDs, and other computer storage media.

## Instructions

a) This subpoena calls for You to produce all Documents described by category below that are within Your possession, custody, or control, or are otherwise available to You.

b) All Documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

c) Electronic records and computerized information is requested to be produced along with a description of the system from which it was derived sufficient to render such materials readable.

d) All Documents shall be produced either in the order and manner that they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this subpoena.

e) If any requested Document has existed, but has been lost, destroyed, or is no longer within Your possession, custody, or control, then state in writing, the identity of the document, its author(s), the recipient(s) or addressee(s), the subject matter, and the content and the date and circumstances surrounding the destruction, and identify the last known custodian of the Document and persons with knowledge of the Document.

f) If, subsequent to the date that You produce Documents responsive to this subpoena. You discover or receive Documents that are responsive to the requests herein, promptly produce all such additional Documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

g) If, after exercising due diligence to secure the information requested, You cannot fully comply with a specific Request, or any part thereof, state the reason(s) for Your inability to reply and respond to the fullest extent possible.

## II. DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show the functionalities of Terraspring prior to October 7, 2007, with respect to the provisioning, monitoring, and automatic adjustment of a virtual server, the forecasting of an optimal virtual server, the forecasting of a future cost associated with running the virtual server, the use of a needs analysis algorithm to determine the user-defined provisioned virtual server, the use of geographic data to define the provisioned virtual server, and/or the use of security actions in the system.

2. Documents sufficient to show the functionalities of SnapVantage prior to October 7, 2007, with respect to the provisioning, monitoring, and automatic adjustment of a virtual

3

server, the forecasting of an optimal virtual server, the forecasting of a future cost associated with running the virtual server, the use of a needs analysis algorithm to determine the user-defined provisioned virtual server, the use of geographic data to define the provisioned virtual server, and/or the use of security actions in the system.

3. Documents sufficient to establish that Terraspring was commercially available as of October 7, 2007.

4. Documents sufficient to establish that SnapVantage was commercially available as of October 7, 2007.