# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
_____
(302) 658-9200
(302) 658-3989 FAX

May 1, 2015

**BY E-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Kaavo Inc. v. Amazon.com, Inc., et al.*, C.A. No. 14-353-LPS

Dear Chief Judge Stark:

      In its April 30, 2015 letter to the Court (D.I. 65), Kaavo opposes Amazon's Motion to Stay.  Kaavo advances five scattershot arguments, none of which warrant deviation from the rationale or result in Judge Burke's Order in the related *Cognizant* case (Case No. 1:14-cv-01192-LPS-CJB, D.I. 31 ("*Cognizant* Order")).  Kaavo argues that the present *Amazon* case is materially different from the stayed Kaavo cases because: 1) Kaavo purportedly competes with Amazon, despite contrary admissions in the record, 2) the current case is procedurally more advanced than *Cognizant*, ignoring that the cases were procedurally similar, with only limited discovery when Amazon moved to stay, 3) Amazon purportedly has not established clear inequity or prejudice, despite record evidence to the contrary, 4) Amazon should be penalized for not joining dispositive motions in the related cases, and 5) Amazon has delayed in moving to stay.  Amazon addresses these unsupported arguments in turn.

      First, Amazon and Kaavo are not now, nor have they ever been, direct competitors.  Kaavo has always had the burden of demonstrating such competition and has failed in that endeavor.  In its original opposition to Amazon's motion to stay (D.I. 54), Kaavo provided no evidence to supports its claim that the parties compete.  When requesting these letter briefs, the Court did not invite new evidence and certainly did not open the door to source materials available to Kaavo at the time of its original briefing.  Nonetheless, Kaavo has made an untimely attempt to show competition by pointing to some screen printouts from its website.  The untimely printouts enumerate functions Kaavo's products may aspire to provide; no declaration or other evidence substantiates that Kaavo's alleged products actually provide the enumerated functions, or that such functions render Kaavo's alleged products competitive to Amazon's.  Indeed, Judge Burke already found Kaavo's screenshot evidence immaterial.[1]  Of course, if

---

[1]    *See Cognizant* Order at 8-9 ("Here, the record is very sparse on the competition issue….  At a general level, the exhibits (printouts from Plaintiffs and Defendants' websites) appear to show that Plaintiff and at least two Defendants offer cloud computing network services of some kind….But as to whether Plaintiff and Defendants' products actually do similar things, or whether plaintiff and Defendant have ever competed for the same or

The Honorable Leonard P. Stark
May 1, 2015
Page 2

evidence of competition existed (i.e., industry analyst reports, marketing collateral), Kaavo would have already produced that evidence; Kaavo has not done so because the parties do not directly compete. Instead, as Kaavo has explicitly admitted, the parties are "partners": Kaavo partnered with Amazon to access and leverage Amazon's market-leading cloud infrastructure to offer its IMOD product—an arrangement that would have been strange and unnecessary if Kaavo viewed Amazon as the competition and was itself capable of providing its cloud products without reliance on Amazon. *See* D.I. 20 (Declaration of Johanna Jacob ISO Motion to Transfer ("Jacob Decl.")), Exhibit 2. Kaavo has not met its burden of showing direct competition, and its attempt to recast the burden to Amazon to disprove direct competition should fail. *See Cognizant* Order at 11 ("Had Plaintiff made a stronger showing that the parties are direct competitors, the Court's overall conclusion here may have differed.")

Second, Kaavo mischaracterizes the procedural posture of this case at the time Amazon sought a stay and ignores the procedural similarities to the *Cognizant* case. Amazon moved to stay on February 5, 2015, which is the relevant time window for assessing the propriety of a stay. (D.I. 50). Kaavo's actions since Amazon moved to stay (i.e., serving a deposition notice) have not materially changed the discovery landscape. In February, Kaavo had not begun reviewing Amazon's source code and had not served its first notice of deposition. (D.I. 61, April 10, 2015). As Kaavo admitted, only limited discovery had occurred (D.I. 54 at 6), and of course the parties had not exchanged claim constructions. *See* Scheduling Order (D.I. 37). When the proper time frame is applied, the procedural posture factor squarely favors a stay. *See, e.g.*, *Senorx, Inc. v. Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, *6 (D. Del. Jan. 11, 2013) (finding stage of litigation "squarely favors a stay" where, at the time of filing for a motion to stay, discovery had commenced and plaintiff had propounded discovery requests). The modest discovery that has since occurred does not mandate a different result, as neither party has taken a single deposition. *Cf. Helicos Biosciences Corp. v. Pac. Biosciences of Cal.*, No. CIV. 10-735-SLR, 2011 WL 6299761, at *2 (D. Del. Dec. 16, 2011) (finding stage of litigation neutral where "discovery is nearing completion," depositions were noticed in the months before the order on the motion to stay, and fact discovery was scheduled to close two months from the date of the order).

Third, the absence of direct competition is dispositive of the issue of hardship or inequity. It is undisputed that Amazon will have to invest substantial expense and time if the case is not stayed; the Court has already recognized in *Cognizant* that balance of hardships favors a stay in the absence of direct competition. As such, this factor strongly favors a stay.

Fourth, the fact that Amazon did not join in the § 101 motion is immaterial; the Court already acknowledged that a stay could simplify issues for trial based on the resolution of the pending § 101 motion. *See Cognizant* Order, at 5-6 ("In the end, the prospect of simplification if

similar customers in this very broadly articulated market, there is little guidance on record.").

The Honorable Leonard P. Stark
May 1, 2015
Page 3

a stay is granted is very real.").  A party's decision to join, or not join, in such a motion cannot alter the thrust of such underlying, factual simplification.[2]

Fifth and finally, Amazon has not delayed in moving to stay.  It filed its motion promptly after the motions to dismiss were filed in the related cases.  The motion for stay should rise and fall on its merits, not unsubstantiated assertions of delay.

Amazon respectfully requests again that the Court stay this case.  Kaavo's latest salvo does little more than attempt to introduce untimely, immaterial evidence akin to what Judge Burke has already found unpersuasive.  Kaavo has not been able to craft evidence of direct competition because none exists, and the present and related cases were similarly-situated when Amazon moved to stay.  And, there is, of course, a real possibility of simplifying issues for trial, as the Court is aware.[3]

Respectfully submitted,

/s/ Karen Jacobs

Karen Jacobs (#2881)

cc:   Clerk of Court (By Hand Delivery)
      All Counsel of Record (By E-mail)

9119069

---

[2]     *See St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, C.A. No. 11-1305-LPS, 2012 WL 4321743, at *1 (D. Del. Sept. 20, 2012) ("A stay may very well simplify the issues to be litigated in the instant case, as the Court will be evaluating, in the context of summary judgment motions pending in [a related case], various efforts to invalidate many of the claims of the patents-in-suit.").

[3]     *See Cognizant* Order at 11 ("Had Plaintiff made a stronger showing that the parties are direct competitors, the Court's overall conclusion here may have differed. But in the end, the possibility of dramatically simplifying the case, and of realizing such simplification at a very early stage, is compelling enough to warrant grant of Defendants' motions").